UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| **UNITED STATES OF AMERICA** | : | NO. 3:19-CR-178 |
|---|---|---|
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| **WILLIAM BARRATT** | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count 1 of

   the Indictment, which charges the defendant with a violation of

   Title 18, United States Code, § 2252(a)(2), receiving child

   pornography. The maximum penalty for that offense is

   imprisonment for 20 years, a fine of $250,000, a maximum term

   of supervised release of life, which shall be served at the

   conclusion of, and in addition to, any term of imprisonment, as

well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in that count. After sentencing, the United States will move for dismissal of any remaining counts of the indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2

2.  <u>Mandatory Minimum Sentence</u>.  Count 1 carries a mandatory minimum period of imprisonment of five years.

3.  <u>Term of Supervised Release</u>.  The defendant understands that the court must impose at least a five-year term of supervised release in addition to any term of imprisonment, fine or assessment involving a violation of the Controlled Substances Act.  The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4.  <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against

3

the defendant directly arising out of the defendant's
involvement in the offense(s) described above.  However,
nothing in this Agreement will limit prosecution for criminal tax
charges, if any, arising out of those offenses.

## B.  Fines and Assessments

5.  Fine.  The defendant understands that the court may impose a
fine pursuant to the Sentencing Reform Act of 1984.  The willful
failure to pay any fine imposed by the court, in full, may be
considered a breach of this Plea Agreement.  Further, the
defendant acknowledges that willful failure to pay the fine may
subject the defendant to additional criminal violations and civil
penalties pursuant to Title 18, United States Code, § 3611, et
seq.

6.  Alternative Fine.  The defendant understands that under the
alternative fine section of Title 18, United States Code, § 3571,
the maximum fine quoted above may be increased if the court
finds that any person derived pecuniary gain or suffered
pecuniary loss from the offense and that the maximum fine to

be imposed, if the court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

7.   Inmate Financial Responsibility Program.  If the court orders a

fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees

to voluntarily enter the United States Bureau of Prisons-

administered program known as the Inmate Financial

Responsibility Program, through which the Bureau of Prisons

will collect up to 50% of the defendant's prison salary, and up to

50% of the balance of the defendant's inmate account, and apply

that amount on the defendant's behalf to the payment of the

outstanding fine and restitution orders.

8.   Special Assessment.  The defendant understands that the court

will impose a special assessment of $100, pursuant to the

provisions of Title 18, United States Code, § 3013.  No later

than the date of sentencing, the defendant or defendant's

counsel shall mail a check in payment of the special assessment

5

directly to the Clerk, United States District Court, Middle

District of Pennsylvania.  If the defendant intentionally fails to

make this payment, that failure may be treated as a breach of

this Plea Agreement and may result in further prosecution, the

filing of additional criminal charges, or a contempt citation.

9.  If the defendant is convicted of a human trafficking, sex

trafficking, or child pornography/child sexual exploitation

offense, and if the Court finds the defendant is not indigent, an

additional special assessment of $5,000 will be imposed,

pursuant to Title 18 U.S.C. § 3014(a).

10. <u>Collection of Financial Obligations</u>.  In order to facilitate the

collection of financial obligations imposed in connection with

this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an

interest or over which the defendant has control, directly or

indirectly, including those held by a spouse, nominee, or

other third party;

6

b.   to submit to interviews by the Government regarding the
defendant's financial status;

c.   to submit a complete, accurate, and truthful financial
statement, on the form provided by the Government, to the
United States Attorney's Office no later than 14 days
following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact
by and communication with the Government, and to waive
any prohibition against communication with a represented
party by the Government regarding the defendant's
financial status;

e.   to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the court; and

f.   to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

7

## C. Sentencing Guidelines Calculation

11. Determination of Sentencing Guidelines. The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

12. Acceptance of Responsibility– Three Levels. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend

8

that the defendant receive a three-level reduction in the
defendant's offense level for acceptance of responsibility. The
third level, if applicable, shall be within the discretion of the
Government under U.S.S.G. § 3E1.1. The failure of the court to
find that the defendant is entitled to a three-level reduction
shall not be a basis to void this Plea Agreement.

## D. Sentencing Recommendation

13. Appropriate Sentence Recommendation. At the time of
sentencing, the United States may make a recommendation
that it considers appropriate based upon the nature and
circumstances of the case and the defendant's participation in
the offense, and specifically reserves the right to recommend a
sentence up to and including the maximum sentence of
imprisonment and fine allowable, together with the cost of
prosecution.

14. Special Conditions of Probation/Supervised Release. If
probation or a term of supervised release is ordered, the United

9

States may recommend that the court impose one or more special conditions, including but not limited to the following:

a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

c. The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d. The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e. The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f. The defendant be confined in a community treatment center, halfway house, or similar facility.

10

g. The defendant be placed under home confinement.

h. The defendant be ordered to perform community service.

i. The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j. The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k. The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l. The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m. The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

11

## E. Victims' Rights and Restitution

15. Victims' Rights. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

    a. The right to be reasonably protected from the accused;

    b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

    c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

    d. The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the

12

victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f. The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g. The right to proceedings free from unreasonable delay; and

13

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

16.   <u>Restitution</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  In addition to the schedule of payments that may be

14

established by the court, the Defendant understands and agrees

that, pursuant to the Mandatory Victims Restitution Act of

1996 and the Justice For All Act of 2004, victims of Federal

Crime are entitled to full and timely restitution. As such, these

payments do not preclude the government from using other

assets or income of the Defendant to satisfy the restitution

obligation. The Defendant understands and agrees that the

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victim(s) in a timely fashion. Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government. Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

15

election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant

16

acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different from the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

17. <u>Restitution for Identifiable Child Pornography Victims.</u> The defendant agrees to pay restitution equal to the loss caused to any identifiable victim of the offense of conviction pursuant to any applicable statute, including 18 U.S.C. Section 2259. The defendant further agrees to pay restitution equal to the loss caused to any identifiable victim of his uncharged or dismissed conduct pursuant to 18 U.S.C. Sections 3663(a)(3) and 3663A. The defendant's uncharged or dismissed conduct, including the conduct in Count 2 of the indictment, for purposes of determining and ordering restitution includes the possession,

17

receipt, distribution and production of visual depictions of

minors engaged in sexually explicit conduct.

F. **Information Provided to Court and Probation Office**

18. Background Information for Probation Office.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

19. Objections to Pre-Sentence Report.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania "Policy for Guideline Sentencing" both

the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material

information, sentencing classifications, sentencing guideline

ranges, and policy statements contained in or omitted from the

report.  The defendant agrees to meet with the United States at

18

least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

20. Relevant Sentencing Information.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges

19

that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

21. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G. **Court Not Bound by Plea Agreement**

22. <u>Court Not Bound by Terms</u>. The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties. Thus, the court is

20

free to impose upon the defendant any sentence up to and
including the maximum sentence of imprisonment for 20 years,
a fine of $250,000, a maximum term of supervised release of up
to life, which shall be served at the conclusion of and in addition
to any term of imprisonment, the costs of prosecution, denial of
certain federal benefits, and assessments totaling $5100.

23. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.
If the court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any pleas should the court decline to
follow any recommendations by any of the parties to this
Agreement.

## H. **Breach of Plea Agreement by Defendant**

24. <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligations under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the court to be relieved of its

obligations.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

25. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

   a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

22

b.  The United States will be free to make any
    recommendations to the court regarding sentencing in this
    case;

c.  Any evidence or statements made by the defendant during
    the cooperation phase of this Agreement, if any, will be
    admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it
    has against the defendant, including any charges originally
    brought against the defendant or which may have been
    under investigation at the time of the plea.  The defendant
    waives and hereby agrees not to raise any defense to the
    reinstatement of these charges based upon collateral
    estoppel, Double Jeopardy, or other similar grounds.

26. Violation of Law While Plea or Sentence Pending.  The
    defendant understands that it is a condition of this Plea
    Agreement that the defendant refrain from any further
    violations of state, local, or federal law while awaiting plea and
    sentencing under this Agreement.  The defendant acknowledges

23

and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## I. Registration , Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases

27. Sex Offender Registration (Megan's Law/Adam Walsh Act)

Notice. The defendant understands that the court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act and that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the location of residence; the location of employment; and the location of any school that defendant is attending. The defendant understands that such information must be updated no later than three business days after any change. A failure to comply with these and other obligations may subject the defendant to prosecution under federal law. The defendant acknowledges that one possible consequence of a guilty plea is that the court may determine, after the completion of a sentence, that the defendant is a sexually dangerous

25

offender and may commit the defendant to a medical facility for treatment.

28. <u>Civil Commitment as Sexually Dangerous Person</u>.  The defendant has been advised, and understands, that pursuant to § 4248 of Title 18 of the United States Code, the defendant faces potential civil commitment as a sexually dangerous person, following the expiration of the defendant's term of imprisonment.  The defendant understands that potential civil commitment would be the subject of a separate proceeding.  The defendant further understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail, even if the consequence is indefinite civil commitment following the expiration of the defendant's term of imprisonment.

26

**J.** **Other Provisions**

29. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

30. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

31. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
    entering into this Plea Agreement with the defendant because
    this disposition of the matter fairly and adequately addresses
    the gravity of the series of offenses from which the charges are
    drawn, as well as the defendant's role in such offenses, thereby
    serving the ends of  justice.

32. <u>Merger of All Prior Negotiations</u>.  This document states the
    complete and only Plea Agreement between the United States
    Attorney for the Middle District of Pennsylvania and the
    defendant in this case, and is binding only on the parties to this
    Agreement and supersedes all prior understandings or plea
    offers, whether written or oral.  This agreement cannot be
    modified other than in writing that is signed by all parties or on
    the record in court.  No other promises or inducements have
    been or will be made to the defendant in connection with this
    case, nor have any predictions or threats been made in
    connection with this plea.  Pursuant to Rule 11 of the Federal
    Rules of Criminal Procedure, the defendant certifies that the

defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

33. Defendant is Satisfied with Assistance of Counsel. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney who has advised the defendant of the defendant's Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

34. Deadline for Acceptance of Plea Agreement. The original of this Agreement must be signed by the defendant and defense

29

counsel and received by the United States Attorney's Office on
or before 5:00 p.m., **July 23, 2019**, otherwise the offer may, in
the sole discretion of the Government, be deemed withdrawn.

35. <u>Required Signatures</u>.  None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant
and defense counsel and then signed by the United States
Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it
with my attorney.  I fully understand it and I voluntarily agree to it.

8/14/19
Date

WILLIAM BARRATT
Defendant

I am the defendant's counsel.  I have carefully reviewed every part
of this agreement with the defendant.  To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

10/8/19
Date

ERIC M. PROCK
Counsel for Defendant

30

DAVID J. FREED
United States Attorney

$\underline{\phantom{xx}10-10-19\phantom{xx}}$
Date

By: _____

FRANCIS P. SEMPA
Assistant United States Attorney

FPS/lm/USAO#2019R0311/7-9-19
VERSION DATE: November 16, 2017

31